## Commonwealth v. Lit Brothers

*Morris J. Dean*, Assistant District Attorney, for Commonwealth.

*Manuel Kraus*, for defendant.

RICHARDS, P. J., June 17, 1959.—This is an appeal by defendant from the resettlement of its corporate net income tax for the two-month period, consisting of February and March 1951. On March 31 of that

year, it merged with a foreign corporation, City Stores, Inc., which became the surviving corporation. At the hearing on this appeal, testimony was introduced and exhibits offered, including a stipulation of facts. The stipulation contained an agreement to waive a jury trial under the provisions of the Act of April 22, 1874, P. L. 109. The facts set forth in the stipulation we adopt as the findings of fact by the court, and incorporate them herein by way of reference. However, we shall outline the salient facts in order to facilitate an understanding of the issues here involved.

Defendant was a Pennsylvania corporation duly engaged in business in Philadelphia. It operated on a fiscal year basis, which began on February 1 of each year. It proposed to merge with City Stores, Inc., a foreign corporation on March 31, 1951. It did so merge and the latter company became the surviving corporation. In order to get a tax clearance, incident to the merger, it filed a report of corporate net income with the Commonwealth for the months of February and March 1951, in which it *estimated* its income at $375,000. A tax was settled upon this basis at the rate of four percent, as provided by the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as amended by the Act of March 24, 1949, P. L. 345, 72 PS §3420a, et seq., in the amount of $15,000. Upon this basis, a clearance certificate was issued and the merger effectuated. Subsequently, defendant filed a report of change which incorporated its Federal report, showing a net income for the two months' period of $553,571.55. This report was filed on June 28, 1951. In the meantime the legislature had enacted the Act of May 29, 1951, P. L. 449. This act increased the rate to five percent. Consequently the tax was resettled at the five percent rate on the actual income of $553,-571.55, thus increasing the tax to $27,678.59. From this resettlement, this appeal followed.

At the argument and in their briefs, counsel have considerably limited the scope of this appeal. Counsel for defendant has consistently contended that the Act of 1949 afforded no basis for the original settlement. Counsel for the Commonwealth has conceded, on page two of its brief, that "the 1949 re-enactment did not apply to corporations whose fiscal years commenced in 1951." The act itself shows this. Hence, this point is not an issue.

The Commonwealth has consistently contended that the Act of 1951, supra, is retroactive to the beginning of the year. Defendant's reply brief, at page 8, states: "We agree there are no valid constitutional objections existing to make the Act of 1951 retroactive to the beginning of the tax period for those corporations existing at the time of the enactment, May 29, 1951." Thus we need not consider generally, the general question of the retroactive nature of the Act of 1951. Defendant's position is thus reduced to the question: Does the Act of 1951 apply to a corporation which merged before the date of the enactment of the 1951 Act?

Section 13 of the Corporate Net Income Tax Act of 1935, as amended by the Act of May 29, 1951, P. L. 449, provides:

"This act shall become effective immediately upon its final enactment, and shall remain in force, only for the imposition and collection of taxes on net income of corporations for the *calendar years* . . . *One thousand nine hundred fifty one, and one thousand nine hundred fifty two*, or for the fiscal years ending in the calendar years . . . *one thousand nine hundred fifty two, and one thousand nine hundred fifty three.*"

The Act of 1951 was, therefore, intended to be retroactive to the beginning of the calendar year 1951 and to the fiscal years beginning in 1951 and ending in the calendar year of 1952. It will be noted that defend-

ant was engaged in business for a period of two months at the beginning of its 1951 fiscal year. Were it exempted from the tax it would be treated more favorably than other corporations which continued in business, a form of discriminatory taxation without legal basis.

It will further be noted that the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-907, provides, inter alia:

"The surviving or new corporation shall thenceforth be responsible for all the liabilities and obligations of each of the corporations so merged or consolidated, *but* the liabilities of the merging or consolidating corporations, or of their shareholders, directors, or officers, shall not be affected, nor shall the rights of the creditors thereof or of any persons dealing with such corporations, or any liens upon the property of such corporations, be impaired by such merger or consolidation, *and* any claim existing or action or proceeding pending by or against any such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or the surviving or new corporation may be proceeded against or substituted in its place. . . ."

In our view, the Commonwealth had an existing claim against defendant for the two months here involved. Under the above statutory provision, this claim is not lost by merger. We also believe that even in the absence of this statutory provision, the result would be the same.

We have read and considered many of the opinions cited by counsel. We cannot see how a discussion of them would add anything to what we have said. We believe that they are all consistent herewith.

Likewise, we direct that the requests of counsel for findings of fact and conclusions of law be filed as part of the record in this case. We have already adopted the

facts of the stipulation as the findings of fact by the court. We make the following conclusions of law which we think are adequate for all purposes.

### Conclusions of Law

1. The Act of 1951, supra, is retroactive to the beginning of the year 1951 and applies to all corporations operating on a calendar year basis or upon the basis of a fiscal year beginning in 1951.

2. Defendant is liable for the tax as resettled.

3. The merger of defendant did not absolve it from liability to pay the tax.

4. The Act of 1951 is not unconstitutional in any respect as to any matter raised by defendant.

5. Judgment should be entered in favor of the Commonwealth and against defendant for the amount of the tax as resettled.

### Decree Nisi

And now, to wit, June 17, 1959, judgment is hereby directed to be entered in favor of the Commonwealth and against defendant in the amount of $27,678.59, which sum, having been paid, the judgment shall be marked satisfied upon payment of the record costs, unless exceptions hereto be filed within 30 days, as provided by law.

The prothonotary shall notify the parties or their counsel of this decree forthwith.